CHARLES E. LAWTON, Plaintiff and Appellant-Appellee, *v.* VICENTE RODRÍGUEZ RIVERA, Defendant; RAFAEL CARRIÓN PACHECO, Defendant and Appellee-Appellant.

No. 5620. Argued January 19, 1932.—Decided May 31, 1932.

F. *Soto Gras* for appellant-appellee. *Henry G. Molina, J. Henri Brown, C. Ruiz Nazario,* and *G. E. González* for appellee-appellant.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

Both parties in this case have appealed from an order of the district court fixing the amount of the costs to be paid by the defeated party. Plaintiff, who prevailed in the suit, believes that the amount to be ·paid should be $5,070. Respondent, who was defeated, claims that he should only pay $150.

A single transcript was used for both appeals, which will be considered and decided jointly.

The memorandum filed by the plaintiff contains three items, to wit: Clerk's fees $5; stenographer's fees $65, and fees of Attorney F. Soto Gras $5,000. Total $5,070.

The item of $5 was objected to by respondent because it was never paid; the item of $65 was also objected to because, if paid, it was for the appeal and, hence, it can not be recovered; and the item of $5,000, because it is "grossly excessive."

The reasons which the lower court had for deciding the matter as it did, are expressed in its opinion filed, thus:

"As to the first item of the memorandum of costs, the court has examined the record offered in evidence and finds that the motion for a rule ·to show cause why Rafael Carrión Pacheco should not be punished for contempt, does not have a $5-stamp affixed thereto, but the same is affixed to plaintiff's notice of appeal from the order of the court denying the motion to show cause why Rafael Carrión Pacheco should not be punished for contempt and a writ of injunction issued against him. Since the stamp was affixed to the notice of

appeal and not to the motion upon which the order appealed from was rendered, it can not be recovered as a proper charge in the memorandum of costs presented.

"We must similarly hold as regards the second item of the memorandum, because it appears from the receipt itself signed by the stenographer and presented by plaintiff, that the transcript was prepared for the purpose of the appeal.

"As to the third item, after an examination of the evidence introduced and the jurisprudence cited by the parties, in view of the fact that the cases cited are not applicable, and giving full credit and consideration to the testimony offered in evidence, and bearing in mind all the circumstances applicable to cases of this character, wherein the judge is the arbiter to decide as to the amount of attorney's fees, which circumstances are enumerated in the case of *Echevarría et al.* v. *Saurí,* 39 P.R.R. 454, the court fixes as attorney's fees, not the amount claimed by the plaintiff or the excessively low amount designated by the defendant, but an amount which is deemed to be just, reasonable, and fair, viz., $1,000."

After a careful consideration of the record and the briefs, we believe that the decision regarding the clerk's fees is in accordance with the facts and the law. The same cannot be said of the ruling respecting the stenographer's fees.

In the recent decision of this Court in the case of *Cortés & Segura, Inc.,* v. *Cortés,* 43 P.R.R. 452, it was said:

"It does not appear from the record what was the specific use made of the transcript prepared by the stenographer in the instant case; but even conceding that the same was used for the purpose of the appeal, we think that the wording of the statute warranted the inclusion of such transcript as a taxable item in the memorandum of costs allowed to the prevailing party, especially when such action is supported by the decisions of this Supreme Court cited by the trial judge, and also by the cases of *López* v. *American Railroad Company,* 28 P.R.R. 248, and *Finlay* v. *Fabián,* 25 P.R.R. 48."

As regards attorney's fees, we believe that the court weighed correctly all the attendant circumstances and, taking into account the jurisprudence established by this Court on the matter, it made proper use of its discretion in fixing the amount of such fees at $1,000.

The judgment appealed from must be modified so as to direct the payment of $65 for the stenographer's fees and, as so modified, the judgment is affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.